UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
BELVIDERE & DELAWARE RIVER RAILWAY    :  Civil Action No. 06-1165 (FLW)
COMPANY INC., a New Jersey Corporation :
BLACK RIVER & WESTERN RAILROAD, a     :
New Jersey Corporation                :
                                      :  OPINION
                                      :
            Plaintiffs,               :
                                      :
        v.                            :
                                      :
JAMES R. OLSON and VALLEY FORGE       :
RAILWAY HISTORICAL & MUSEUM           :
ASSOCIATION,                          :
                                      :
            Defendants.               :
_____

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Belvidere & Delaware River Railway Company ("BDRR") and Black River & Western Railroad (""BRWR"), collectively for Default Judgment against Defendants James R. Olson ("Olson") and Valley Forge Railway Historical & Museum Association ("Valley Forge Museum").  Defendant Olson has filed a Cross-Motion to Set Aside Entry of Default.  For the reasons set forth below, Plaintiffs' Motion will be granted in part and denied in part and Defendant Olson's Motion will be granted.

**I. Background**

Plaintiffs, BDRR and BRWR, are New Jersey corporations with their principal places of

business in Ringoes, New Jersey. Defendant, Valley Forge Museum is a Pennsylvania not-for-profit corporation. Defendant, Olson, is an individual currently residing in Florida. Prior to 1995, Olson resided in Pennsylvania and acted as a member and officer of the Valley Forge Museum. In 1995, Olson retired and relocated to Florida in and he has not been active in the Valley Forge Museum since then. Olson Affidavit ("Aff.") ¶6.

In a complaint filed on March 9, 2006, Plaintiffs contend that Defendants have incurred charges for the storage and demurrage services of rail car, ID No. XGM05 since March 1, 2003. Specifically, between March 1, 2003 and June 7, 2004, BRWR stored the rail car for Defendants at a cost of $18,560. In addition, between June 8, 2004 and August 31, 2006, Plaintiff, BDRR stored the rail car for Defendants at a cost of $52,425[1]. Plaintiffs allege, however, that Defendants have failed to remit payment for these services and that payment is due and owing.

Olson was served on May 17, 2006 and Valley Forge Museum was served on May 23, 2006 by serving Olson, an officer of Valley Forge Museum. Defendants failed to plead or otherwise appear. Thereafter, on July 13, 2006, Plaintiffs requested that the Clerk of the Court enter default against both Defendants pursuant to Fed. R. Civ. P. 55(a), and default was entered on July 14, 2006. On September 12, 2006, Plaintiffs filed a Motion for Default Judgment. The Motion was returnable on October 16, 2006. Defendant, Valley Forge Museum, has not responded to Plaintiff's Motion for Default Judgment. However, on October 4, 2006, Olson filed a Cross Motion to Set Aside Default and Memo of Law in Opposition to Entry of Default Judgment. Moreover, during a December 12, 2006 conference call with this court, Plaintiff

---

[1]The Court notes that Plaintiffs' Complaint only assesses damages incurred through February 28, 2006. However, in the Affidavit of Amount Due by Kean Buraga attached to the Motion for Default Judgment, Plaintiffs assess damages through August 31, 2006.

agreed that it would not oppose Olson's Motion to Set Aside Default.

**II. Discussion**

1. <u>Motion for Default Judgment and Cross Motion to Set Aside Default as to Defendant Olson</u>

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a).  Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000).

Generally speaking, however, default judgments are disfavored; and in cases where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party moving to set aside a default entry "so that cases may be decided on their merits." <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir.1984).  Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause shown."  In deciding whether to set aside an entry of default, a court considers three factors: (1) whether plaintiff will be prejudiced; (2) whether defendant has a meritorious defense; and (3) whether culpable conduct of defendant led to the default.  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir. 1982); <u>New Jersey Right to Life Committee Inc., v. New Jersey Republican Prolife Coalition</u>, 2006 WL 2252375 at *1 (D.N.J. August 7, 2006).

In the instant matter, default was entered on July 14, 2006 and prior to the return date of Defendant's Motion for Default Judgment, Olson filed a Motion in Opposition to Plaintiffs'

Motion for Default Judgment and to Set Aside the Entry of Default.  Plaintiff set forth numerous substantive defenses pursuant to Fed. R. Civ. P. 55(c).  Moreover, in light of Plaintiffs' decision not to oppose this motion, this Court need not engage in a substantive inquiry into the merits of Olson's defenses; Plaintiffs' Motion for Default Judgment against Olson is denied and Defendant Olson's Motion to Set Aside Default pursuant to Fed. R. Civ. P. 55(c) is granted.

2. Motion for Default as to Defendant Valley Forge Museum

Once default has been entered against a Defendant, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990).  However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).  Furthermore, as noted above, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181.

In the instant matter, on September 12, 2006, Plaintiffs filed a Motion for Default Judgment.  Defendant Valley Forge has failed to appear or oppose this motion in any way.  Furthermore, Olson, one of three officers of Valley Forge Museum has represented that he has no recent involvement with that entity.  Indeed, it appears that Valley Forge no longer exists in any manner.  Thus, the Court finds that a grant of default judgment is appropriate.

**IV. Conclusion**

4

For the forgoing reasons, Plaintiffs' Motion for Default Judgment against Olson is denied and Olson's Motion to Set Aside Default is granted. However, Plaintiffs' Motion for Default Judgment against Valley Forge Museum is granted. Thus, BRWR may recover the sum of $18,560.00 for charges incurred for demurrage and storage of railcar, ID. NO. XGM05 between March 1, 2003 and June 7, 2004 and BDRR, may recover the sum of $52,425.00 for charges incurred for demurrage and storage of railcar, ID No. XGM05 between June 8, 2004 and August 31, 2006. In addition, Plaintiffs may recover additional charges which may be due, together with prejudgment interest from the date of service, and for costs and disbursements related to the filing of the Complaint. An appropriate order will follow.


Dated: December 18, 2006                              /s/  Freda L. Wolfson
                                                     The Honorable Freda L. Wolfson,
                                                     United States District Judge